UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WE KNOW HOTELS, LLC,

        Plaintiff,

v.

AMBER ROSE MAHAC,

        Defendants.

**ORDER DISMISSING CASE**
24-CV-07680 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff We Know Hotels, LLC, initiated this action against Defendant Amber Rose Mahac by filing the Complaint on November 4, 2024. *See* ECF No. 1. The case was assigned to this Court on the next day, when the Clerk's Office also placed a notice on the docket—in red, bold font—that Plaintiff failed to file a proposed summons. On that same day, the Court entered the following Order:

> ORDER: Plaintiff shall file a letter no longer than three pages on or before November 25, 2024, describing Plaintiff's efforts to serve Plaintiff's complaint and a summons on Defendant. If Plaintiff fails to file the letter required by this order, or if Plaintiff's letter demonstrates a lack of diligence in attempting service, then the Court is unlikely to extend the deadline for Plaintiff to complete service under Rule 4(m) in the absence of unusual circumstances demonstrating good cause. Notably, it appears that Plaintiff has not filed a proposed summons for the Clerk of Court to issue.
>
> The Court will not extend the deadline for Plaintiff to file the letter required by this order unless Plaintiff requests an extension in accordance with Section I.D of the Court's Individual Practices.

*See* Nov. 5, 2024, Text Order. Plaintiff then missed that deadline, and the Court ordered Plaintiff to comply on or before November 29, 2024. *See* Nov. 26, 2024, Text Order. On that date, Plaintiff filed a response indicating that it was attempting to locate Plaintiff, including at an

address in New Mexico. *See* ECF No. 5. On December 2, 2024, the Court entered the following Order:

> ORDER: The Court has received Plaintiff's letter, *see* ECF No. 5, describing Plaintiff's efforts to serve Plaintiff's complaint and a summons on Defendant, which indicates that Defendant has not yet been served. Plaintiff shall file another letter no longer than three pages on or before December 30, 2024, describing Plaintiff's efforts to serve Defendant. Alternatively, if Plaintiff completes service on Defendant before that date, or if Defendant waives service, then Plaintiff shall promptly file proof of service or an executed waiver of service.
>
> If Plaintiff fails to file the letter required by this order, or if Plaintiff's letter demonstrates a lack of diligence in attempting service, then the Court is unlikely to extend the deadline for Plaintiff to complete service under Rule 4(m) in the absence of unusual circumstances demonstrating good cause. The Court notes that it appears that Plaintiff has still not obtained a summons from the Clerk of Court.

*See* Dec. 2, 2024, Text Order. Plaintiff missed that deadline. On December 31, 2024, Plaintiff filed another letter indicating, among other things, that it located an address for Plaintiff in New Mexico, and sought an extension of time to complete service. *See* ECF No. 6. The Court then entered the following Order:

> ORDER: The Court has received Plaintiff's letter, *see* ECF No. 6, describing Plaintiff's efforts to serve Plaintiff's complaint and a summons on Defendant, which indicates that Defendant has not yet been served. Plaintiff shall file another letter no longer than three pages on or before January 24, 2025, describing Plaintiff's efforts to serve Defendant. Alternatively, if Plaintiff completes service on Defendant before that date, or if Defendant waives service, then Plaintiff shall promptly file proof of service or an executed waiver of service.
>
> The Court warns Plaintiff that, based on Plaintiff's efforts in attempting service described in Plaintiff's letters, *see* ECF Nos. 5, 6, if Plaintiff does not complete service within the 90-day period allowed by Rule 4(m), the Court will likely dismiss Plaintiff's complaint without prejudice for lack of service, unless Plaintiff's next letter identifies unusual circumstances demonstrating good cause for an extension.
>
> Plaintiff's request for an extension of time to February 1, 2025, to complete service, is denied as moot because the Court can offer no additional relief as February 1, 2025, is within Rule 4(m)'s 90-day window to complete service.

*See* Jan. 2, 2025, Text Order.

2

On January 24, 2025, Plaintiff then filed another letter indicating that it was unable to complete service at the New Mexico address.  *See* ECF No. 7 at 1.  Plaintiff also wrote that "the parties are scheduled to attend a mediation on a tangentially related matter in New York City on February 3, 2025," at which "it is anticipated that either personal service will be completed or the matter may be resolved entirely."  *Id.*  Plaintiff therefore sought a "brief extension" of time to complete service.  *Id.*  Plaintiff also wrote that "Plaintiff remains committed to compliance with Rule 4 and will promptly file proof of service or an executed waiver of service if either is obtained before February 3, 2025.  Alternatively, should the matter resolve during mediation, we will promptly notify the Court and take appropriate action to conclude the case."  *Id.*  The Court then entered the following Order:

> ORDER:  Plaintiff seeks an extension of time to February 3, 2025, to complete service on Defendant.  *See* ECF No. 7.  For the second time, Plaintiff seeks an extension of time to complete service even though the requested date remains within the time provided by Rule 4(m).  *See* Fed. R. Civ. P. 6(a)(1)(C).  As such, its request for an extension of time is denied as moot.  Plaintiff indicates that it intends to participate in a mediation with Defendant on February 3, 2025.  Unless Plaintiff timely seeks further relief, the Court warns Plaintiff that if it fails to complete service and to file proof of service or an executed waiver of service by that date, the Court will dismiss this action without prejudice pursuant to Rule 4(m), as Plaintiff has identified no unusual circumstances demonstrating good cause.  The Court makes clear that that it will not grant Plaintiff an extension of time to complete service because it is participating in mediation with Defendant and may settle the claims in this case.

*See* Jan. 24, 2025, Text Order.  February 3 came and went and Plaintiff filed nothing.

Accordingly, on February 5, the Court issued the following Order:

> ORDER TO SHOW CAUSE:  The Court previously ordered that "[u]nless Plaintiff timely seeks further relief, the Court warns Plaintiff that if it fails to complete service and to file proof of service or an executed waiver of service by [February 3, 2025], the Court will dismiss this action without prejudice pursuant to Rule 4(m), as Plaintiff has identified no unusual circumstances demonstrating good cause."  *See* Jan. 24, 2025, Text Order.  Plaintiff never sought such relief, and its time to complete service under Rule 4(m) has expired.  Therefore, on or before February

10, 2025, Plaintiff is ordered to show cause why this case should not be dismissed without prejudice. *See* Feb. 5, 2025.  Silence from Plaintiff followed.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "A party seeking an extension for good cause bears a heavy burden of proof."  *Graham v. Merchs. Cap. Access*, No. 17-cv-5598, 2018 WL 3233132, at *1 (E.D.N.Y. July 2, 2018).[1]  "Good cause . . . is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Shchegelskiy v. United States*, No. 20-cv-2395, 2021 WL 735203, at *2 (S.D.N.Y. Feb. 24, 2021).  "The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause."  *Alvarado v. Am. Freightways, Inc.*, No. 04-cv-9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005). "An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Shchegelskiy*, 2021 WL 735203, at *2.

The Court will not grant Plaintiff, a represented party, a *sua sponte* extension of time to complete service.  As evidenced by the foregoing, this is not a close call.  Despite warning after warning from the Court, its efforts to serve Defendant have not been diligent.  To date, it appears to not even have obtained a summons from the Clerk's Office—despite the Court's explicit observation as much—rendering any effort to serve illusory.  *See Hoi Wan v. USPS*, No. 17-cv-

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

4988, 2018 WL 2973390, at *2 (E.D.N.Y. June 12, 2018) (dismissing under Rule 4(m) where plaintiff never obtained a summons). And thus far, it appears to have made just one attempt to actually serve Plaintiff, despite apparently having *met with her* within the window to complete service. Finally, the Court has provided Plaintiff with the required notice under Rule 4(m), and despite having invited Plaintiff to show cause why this case should not be dismissed for failure to serve, Plaintiff did not even file a response. *See Yarbrough v. Broome Cnty.*, No. 23-cv-0671, 2024 WL 5119079, at *4 (N.D.N.Y. Sept. 27, 2024) (recommending dismissal under Rule 4(m) where *pro se* plaintiff did not respond to court's order to show cause), *report and recommendation adopted*, 2024 WL 5135600 (N.D.N.Y. Dec. 17, 2024). Accordingly, the Court dismisses this case without prejudice pursuant to Rule 4(m). The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

    SO ORDERED.

                                                     */s/ Hector Gonzalez*
                                                   HECTOR GONZALEZ
                                                   United States District Judge

Dated: Brooklyn, New York
       February 11, 2025